1  D. James Pak (SBN 194331)
   **BAKER & MCKENZIE LLP**
2  Two Embarcadero Center, 11th Floor
   San Francisco, California 94111
3  Telephone: +1 415 592 3209
   Facsimile:  +1 415 576 3099
4  D.James.Pak@BakerMcKenzie.com

5  Attorneys for Defendant
   QUEST DIAGNOSTICS INCORPORATED
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                           **WESTERN DIVISION**

11

12 | MYMEDICALRECORDS, INC.

13 |     Plaintiff,

14 | vs.

15 | QUEST DIAGNOSTICS
   | INCORPORATED,
16

17 |     Defendant.

**Case No. CV13-02538-ODW-(SHx)**

**QUEST DIAGNOSTICS INCORPORATED'S ANSWER TO PLAINTIFF'S INITIAL COMPLAINT**

**DEMAND FOR JURY TRIAL**

Hon. Otis D. Wright II

Baker & McKenzie LLP
Two Embarcadero Ctr
11th Floor
San Francisco, CA 94111
(415) 576-3000

Case No. CV13-0238-ODW-(SHx)
QUEST DIAGNOSTICS INCORPORATED'S
ANSWER TO PLAINTIFF'S INITIAL COMPLAINT

# QUEST DIAGNOSTICS INCORPORATED'S ANSWER
# TO PLAINTIFF'S INITIAL COMPLAINT

Defendant Quest Diagnostics Incorporated ("Quest" or "Defendant") files this Answer to Plaintiff's Complaint for Patent Infringement as follows:

## PRELIMINARY STATEMENT

Plaintiff MyMedicalRecords, Inc. ("MMR" or "Plaintiff") has filed a Complaint for Patent Infringement in this matter against Quest. Discovery has not begun in this matter, and Quest has not had an opportunity to adequately investigate the allegations brought by MMR and defenses thereto. Thus, while Quest files this Answer to the best of its knowledge and ability, Quest reserves the right to supplement or amend this answer to include additional defenses and/or counterclaims that are discovered during the course of this lawsuit, including but not limited to the defense of inequitable conduct.

## I.   FIRST DEFENSE

1.   Subject to and without waiving any of the affirmative defenses or available remedies set forth in this Answer or otherwise available at law or equity, including but not limited to sanctions available under Rule 11 of the Federal Rules of Civil Procedure, Quest responds to the separate, numbered paragraphs of Plaintiff's Complaint for Patent Infringement (the "Complaint") as follows:

## PARTIES

1.1   Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1, and on that basis denies the same.

1.2   Quest admits the allegations of paragraph 2 of the Complaint.

## JURISDICTION, VENUE AND JOINDER

1.3   Quest admits that this action arises under the patent laws of the United States, Title 35 of the United States Code. Quest admits that this Court has subject matter jurisdiction over this action. Quest denies all other express or implied

Baker & McKenzie LLP
Two Embarcadero Ctr
11th Floor
San Francisco, CA 94111
(415) 576-3000

1

Case No. CV13-0238-ODW-SH
QUEST DIAGNOSTICS INCORPORATED'S
ANSWER TO INITIAL COMPLAINT

allegations contained in paragraph 3, including but not limited to any allegation that Quest has in any way committed any act of patent infringement.

1.4   Quest admits that it conducts business in the State of California and is subject to this Court's personal jurisdiction.  Quest denies all other express or implied allegations contained in paragraph 4, including but not limited to any allegation that Quest has in any way committed any act of patent infringement.

1.5   Quest admits the allegations of paragraph 5 of the Complaint.

## BACKGROUND

1.6   Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6, and on that basis denies the same.

1.7   Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7, and on that basis denies the same.

1.8   Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, and on that basis denies the same.

1.9   Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and on that basis denies the same.

1.10   Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10, and on that basis denies the same.

1.11   Quest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11, and on that basis denies the same.

1.12   Quest admits that it offers a product known as Gazelle.  Quest denies the remaining allegations contained in paragraph 12 of the Complaint.

Baker & McKenzie LLP
Two Embarcadero Ctr
11th Floor
San Francisco, CA 94111
(415) 576-3000

2

Case No. CV13-0238-ODW-(SHx)
QUEST DIAGNOSTICS INCORPORATED'S
ANSWER TO INITIAL COMPLAINT

1.13   Quest denies the allegations contained in paragraph 13 of the Complaint.

1.14   Quest denies the allegations contained in paragraph 14 of the Complaint.

1.15   Quest denies the allegations contained in paragraph 15 of the Complaint.

1.16   Quest denies the allegations contained in paragraph 16 of the Complaint.

1.17   Quest denies the allegations contained in paragraph 17 of the Complaint.

## FIRST CLAIM FOR RELIEF

(Patent Infringement as to the '466 Patent)

1.18   Quest incorporates its responses to paragraphs 1 through 17 of the Complaint as if fully set forth herein.

1.19   Quest admits that a copy of U.S. Patent No. 8,301,466 is attached to the Complaint as Exhibit A.  Quest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19, and on that basis denies the same.

1.20   Quest denies the allegations contained in paragraph 20 of the Complaint.

1.21   Quest denies the allegations contained in paragraph 21 of the Complaint.

1.22   Quest denies the allegations contained in paragraph 22 of the Complaint.

1.23   Quest denies the allegations contained in paragraph 23 of the Complaint.

1.24   Quest denies the allegations contained in paragraph 24 of the Complaint.

Baker & McKenzie LLP
Two Embarcadero Ctr
11th Floor
San Francisco, CA 94111
(415) 576-3000

3

Case No. CV13-0238-ODW-(SHx)
QUEST DIAGNOSTICS INCORPORATED'S
ANSWER TO INITIAL COMPLAINT

1.25 Quest denies the allegations contained in paragraph 25 of the Complaint.

### PRAYER FOR RELIEF

Plaintiff's requests for relief require no response. For that reason, Quest denies that Plaintiff is entitled to any relief, and asserts that Plaintiff's claims for relief should be denied in their entirety.

### JURY DEMAND

With regard to the Demand for Jury Trial in the Complaint, no admission or denial is required.

### II. SECOND DEFENSE

2. Venue is clearly less convenient in the Central District of California.

### III. THIRD DEFENSE

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### IV. FOURTH DEFENSE

4. Defendant has not infringed and does not infringe, nor has it contributed to any infringement by others, nor has it induced others to infringe any claim of U.S. Patent No. 8,301,466 ("the '466 Patent").

### V. FIFTH DEFENSE

5. The claims of the '466 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### VI. SIXTH DEFENSE

6. Plaintiff's claims are barred in whole or in part by the doctrines of laches and/or estoppel.

### VII. SEVENTH DEFENSE

7. To the extent Plaintiff or its predecessors in interest of the '466 Patent failed to properly notify Defendant of the actions alleged to infringe the '466

Baker & McKenzie LLP
Two Embarcadero Ctr
11th Floor
San Francisco, CA 94111
(415) 576-3000

4

Case No. CV13-0238-ODW-(SHx)
QUEST DIAGNOSTICS INCORPORATED'S
ANSWER TO INITIAL COMPLAINT

Patent, including but not limited to, by reason of 35 U.S.C. § 287 or infringement allegations based on indirect infringement, Defendant is not liable to Plaintiff for those allegedly infringing actions performed prior to receipt of actual notice of allegations that it was infringing the '466 Patent.

### VII.   EIGHTH DEFENSE

8.   Plaintiff's claims are barred in whole or in part by prosecution history estoppel.

### IX.   NINTH DEFENSE

9.   Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### X.   TENTH DEFENSE

10.   Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to mitigate damages, if any.

### XI.   ELEVENTH DEFENSE

11.   Plaintiff's claims are barred in whole or in part for lack of standing.

### XII.   TWELFTH DEFENSE

12.   Pursuant to 35 U.S.C. § 286, Plaintiff's claims are barred in whole or in part for all events occurring more than six years before the filing of this lawsuit.

Baker & McKenzie LLP
Two Embarcadero Ctr
11th Floor
San Francisco, CA 94111
(415) 576-3000

5

Case No. CV13-0238-ODW-(SHx)
QUEST DIAGNOSTICS INCORPORATED'S
ANSWER TO INITIAL COMPLAINT

Dated: September 20, 2013.

Respectfully Submitted,

BAKER & McKENZIE LLP

By: /s/D. James Pak
  D. James Pak

Attorney for Defendant ,
QUEST DIAGNOSTICS INCORPORATED

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September 2013, a true and correct copy of Quest's Answer to Plaintiff's Complaint for Patent Infringement was served on all parties of record via the Court's ECF filing system.

/s/ D. James Pak
D. James Pak

Baker & McKenzie LLP
Two Embarcadero Ctr
11th Floor
San Francisco, CA 94111
(415) 576-3000

6

Case No. CV13-0238-ODW-(SHx)
QUEST DIAGNOSTICS INCORPORATED'S
ANSWER TO INITIAL COMPLAINT