O

# United States District Court
# Central District of California

| | |
|---|---|
| MYMEDICALRECORDS, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>WALGREEN CO.,<br><br>      Defendant. | Case No. 2:13-CV-00631 ODW (SHx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,498,883 [91]** |
| MYMEDICALRECORDS, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>QUEST DIAGNOSTICS INC.,<br><br>      Defendant. | Case No. 2:13-cv-02538-ODW (SHx) -* |

| | |
|---|---|
| MYMEDICALRECORDS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JARDOGS, LLC; ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.<br><br>    Defendants. | Case No. 2:13-cv-03560-ODW (SHx) |
| MYMEDICALRECORDS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>WEBMD HEALTH CORP; WEBMD HEALTH SERVICES GROUP INC.<br><br>    Defendants. | Case No. 2:13-cv-07285-ODW (SHx) |

## I.  INTRODUCTION

Defendants Quest Diagnostics, Inc., WebMD Health Corp., WebMD Health Services Group Inc., and Allscripts Healthcare Solutions, Inc. (collectively, "Defendants") move for Summary Judgment of Invalidity of claims 1-3 of U.S. Patent No. 8,498,883 ("the '883 Patent") in these coordinated cases.[1]  (ECF No. 91.) Defendants argue that the Court found the "means for scheduling" term indefinite in its Claim Construction Order (ECF No. 67) and therefore the asserted claims are invalid.  For the reasons discussed below, the Court **GRANTS** Defendants' Motion

---

[1] Facing several actions involving the same MMR patents, the Court consolidated the cases for invalidity purposes on November 18, 2014.  (ECF No. 92.)  The low number case, *MyMedicalRecords, Inc. v. Walgreen Co.*, No. 13-cv-00631-ODW(SHx), was designated as the lead case.  The lead case has since settled, but the case remains open for the purposes of filing documents related to invalidity, which pertain to all of the MMR patent cases.  Citations to the docket refer to the docket in the lead case unless indicated otherwise.

2

for Summary Judgment.[2] (ECF No. 91.)

## II. FACTUAL BACKGROUND

Plaintiff MyMedicalRecords ("MMR") is the owner of the '883 Patent titled "Method for Providing a User with a Service for Accessing and Collecting Prescriptions." MMR is asserting claims 1-3 of the '883 Patent against Defendants. The asserted claims are method claims directed to providing users with a secure and private way to collect, access, and manage drug prescriptions online. Independent claim 1 recites a "means for scheduling one or more prescription refills concerning a drug prescription" limitation. Claims 2 and 3 depend on claim 1 and therefore incorporate this "means for scheduling" limitation by reference.

On August 19, 2014, the Court held a consolidated claim-construction hearing. On September 3, 2014, the Court issued a Claim Construction Order, which held that the "means for scheduling" limitation is indefinite under 35 U.S.C. § 112. (ECF No. 67 at 7-10.) Corresponding to the Post-*Markman* Scheduling Order (ECF No. 88), Defendants filed their Motion for Summary Judgment as to Invalidity on November 17, 2014. (ECF No. 91.) Plaintiff timely opposed and Defendants timely replied. (ECF Nos. 95, 98.) That Motion is now before the Court for decision.

## III. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute of material fact for trial and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Digitech Image Techs., LLC v. Fujifilm Corp.*, No. 8:12-cv-1679-ODW(MRWx), 2013 U.S. Dist. LEXIS 108007, at *3-4 (C.D. Cal. July 31, 2013). The moving party bears the initial burden of establishing the absence of a genuine dispute as to any material facts. *Digitech*, No. 8:12-cv-1679-ODW (MRWx), 2013 U.S. Dist. LEXIS 108007, at *3-4. The nonmoving party must then identify specific

---

[2] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

facts that show a genuine dispute for trial. *Id.*; Fed. R. Civ. P. 56(c). Whether a patent is invalid for indefiniteness is a question of law appropriate for summary judgment. *See Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1379 (Fed. Cir. 2013).

## IV. DISCUSSION

The Court has already determined that the "means for scheduling" claim limitation, found in all asserted claims 1-3, is indefinite, as the '883 Patent itself discloses no algorithm for performing the recited function. (ECF No. 67 ("Although a person of skill in the art might be able to choose an appropriate scheduling algorithm and program it onto a microprocessor, the '883 Patent itself discloses no algorithm at all.")); *see e.g.*, *Triton Tech of Tx., LLC v. Nintendo of Am., Inc.,* 753 F.3d 1375, 1378 (Fed. Cir. 2014) (holding that a means-plus-function limitation is indefinite if the stated function is performed by a general-purpose computer or microprocessor and the specification fails to disclose the algorithm that the computer performs to accomplish that function). A claim that includes an indefinite limitation is invalid pursuant to 35 U.S.C. § 112. *Ibormeith IP, LLC v. Mercedes-Benz USA, LLC*, 732 F.3d 1376, 1382 (Fed. Cir. 2013).

Plaintiff attempts to re-litigate the issue of indefiniteness as to the '883 Patent in its Opposition. (ECF No. 95.) The parties had the opportunity to fully brief and argue indefiniteness during Claim Construction. As Defendants contend, the arguments Plaintiff makes at this time should have been raised in a motion for reconsideration of the Court's Claim Construction Order as opposed to in its Opposition brief to a motion for summary judgment. (Reply 9-10.)

Nevertheless, Plaintiff argues there is a factual dispute regarding the level of ordinary skill, but this argument is irrelevant and immaterial. (Reply 5.) Indefiniteness is a question of law resolvable during claim construction. *Personalized Media Commc'ns., LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998)

("[I]ndefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims."). Further, while it is true that claims are to be construed and indefiniteness is to be determined from the perspective of a hypothetical person of ordinary skill in the art (POSITA), this Court's Claim Construction Order itself makes clear that the Court's indefinitenss ruling was made from the perspective of a POSITA. (*See* ECF No. 67 at 9-10.) There are no factual disputes to be resolved as to the asserted claims 1-3 of the '883 Patent.

## V. Conclusion

Accordingly, the Court holds that claims 1-3 of the '883 Patent are invalid as indefinite under 35 U.S.C. § 112 and **GRANTS** the Defendants' Motion for Summary Judgment. (ECF No. 91.)

**IT IS SO ORDERED.**

December 22, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**